## THE STATE v. SAMUEL LOCKWOOD, 3D.

The Superior Court may take cognizance of the crime of perjury and forgery.

INFORMATION for perjury. Mr. Davenport, of counsel for the prisoner, objected to the jurisdiction: He urged, that the Court of Common Pleas is the only court which by law can take cognizance of the crime of perjury: That by high crimes and misdemeanors, mentioned in the statute, is intended only such high offenses as have no express punishment by law annexed; and as the statute has ascertained the punishment for perjury, which does not extend to life, limb, or banishment, it cannot be cognizable by the Superior Court.

ELLSWORTH, J., observed, That in a case of forgery at Windham, the same exception was taken, and overruled by the court: And,

The COURT held, that they might take cognizance of the crime of perjury.

## DAUCHY v. SMITH AND OLMSTED.

A demurrer to a declaration, containing a recital of the obligation on which the suit is founded, is ill, for any allegation of variance; the advantage should be taken by abatement on oyer, or demurrer to evidence.

THIS was an action of debt on bond; the declaration in common form.

Mr. Ingersol prayed oyer of the bond, which he recited at large in his plea, and concluded by demurring to the declaration.

The bond appeared to have been taken to the plaintiff, in the capacity of constable of the town of Ridgefield. It was conditioned that Smith, one of the obligors, should appear before the Court of Common Pleas, at Fairfield, on the third